18-2001-cv
*Gramercy Wrecking and Environmental Contractors v. Trucking Employees of North Jersey Welfare Fund*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
CHRISTOPHER F. DRONEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

---

GRAMERCY WRECKING AND
ENVIRONMENTAL CONTRACTORS,

*Petitioner-Appellant*,

v.                                                          No. 18-2001-cv

TRUCKING EMPLOYEES OF NORTH JERSEY
WELFARE FUND, INC. – PENSION FUND,
TEAMSTERS LOCAL 560,

*Respondents-Appellees.*[*]

---

For Petitioner-Appellant:                 DANIEL D. BARNES, Cheisa Shahinian &
                                          Giantomasi PC, West Orange, New Jersey.

---

[*] The Clerk of Court is hereby directed to amend the caption as shown above.

1

For Trucking Employees of North Jersey Welfare Fund, Inc. – Pension Fund:

BENJAMIN A. KARFUNKEL (David W. New, *on the brief*), New & Karfunkel, PC, West Caldwell, New Jersey.

For Teamsters Local 560:

BRADY M. CONNAUGHTON, Cohen, Leder, Montalbano & Connaughton, LLC, Elmwood Park, New Jersey.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Gramercy Wrecking and Environmental Contractors ("Gramercy") appeals from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) in favor of Trucking Employees of North Jersey Welfare Fund, Inc. – Pension Fund (the "Fund") and Teamsters Local 560 (the "Union") (collectively, "respondents") dismissing Gramercy's six-count petition "without prejudice to [the parties'] resolving the issue of whether petitioner has withdrawal liability [to the Fund] and, if so, the extent of it, before an arbitrator pursuant to the arbitration procedure in the [Union's Collective Bargaining Agreement ("CBA")]." App. at 176. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.     Gramercy's Claims Against the Fund**

Gramercy's Second Amended Petition – which often treats the Fund and the Union as interchangeable – appears to seek two forms of relief as to the Fund: (1) a declaratory judgment that Gramercy is not an employer within the meaning of the Employee Retirement Income Security Act ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") and (2) equitable estoppel to prevent the Fund from seeking withdrawal liability. The district court

2

dismissed all of Gramercy's claims on the ground that it was bound to arbitrate according to the terms of the Job Site Agreement ("JSA") and CBA. As the parties seem to agree, the district court erroneously concluded that Gramercy's binding arbitration agreement with the Union also covered Gramercy's dispute with the Fund. It does not. The Fund and the Union are distinct legal entities, and the Fund is not a party to the JSA, which is an agreement between Gramercy and the Union. As Gramercy itself alleges in its Second Amended Petition, the Fund's arbitration demand arises under federal law – not the JSA. *See* App. at 151 ("The [Fund's] Notice demanded payment of the alleged withdrawal liability and stated that ERISA required that any dispute with the [withdrawal liability] Notice be resolved through arbitration."); *see also id.* at 152 ("The September 13 letter further stated that, because [the Fund] considered the July 27 correspondence a 'Request for Review' under ERISA section 4219(b)(2), [Gramercy] would have sixty (60) days from the date of the September 13 letter to dispute [the Fund's withdrawal liability] determination through [ERISA] arbitration.").

On appeal, Gramercy nevertheless argues that its claims against the Fund are not subject to arbitration pursuant to federal law because Gramercy is not an employer within the meaning of ERISA as amended by the MPPAA. We disagree. Under the MPPAA, an employer is "a person who is obligated to contribute to a plan." *Div. 1181 A.T.U.-N.Y. Emps. Pension Fund By Cordiello v. City of N.Y. Dep't of Educ.*, 910 F.3d 608, 614 (2d Cir. 2018) (internal quotation marks omitted) (emphasis removed). This obligation may arise: "'(1) under one or more collective bargaining (or related) agreements, or (2) as a result of a duty under applicable labor-management relations law.'" *Id.* (quoting 29 U.S.C. § 1392(a)). Gramercy quite clearly was obligated to contribute to the Fund pursuant to the JSA – an agreement related to collective bargaining. *See* App. at 101 (agreeing to "make contributions to the Welfare and Pension Funds"). As such, there can be no doubt that

Gramercy was an employer under the MPPAA at least at the time of the Meadowlands Project. Accordingly, Gramercy is subject to mandatory arbitration under the MPPAA, *see* 29 U.S.C. § 1401, where it may raise any defenses relating to withdrawal liability and challenge the amount assessed before an MPPAA arbitrator.

## II. Gramercy's Claims Against the Union

In its Second Amended Petition, Gramercy appears to seek the following forms of relief as to the Union: (1) a declaratory judgment that it is not a signatory to the CBA and (2) indemnification should it be required to pay withdrawal liability to the Fund – which by its terms is better characterized as a request for a declaratory judgment.[1] Again, the district court dismissed all of Gramercy's claims and ordered arbitration pursuant to the CBA and JSA.

As an initial matter, we disagree with the Union that Gramercy's declaratory judgment claims against it are "premature." Before a declaratory judgment may issue under the Declaratory Judgement Act, 28 U.S.C. § 2201(a), the district court must be presented with an actual case or controversy within the meaning of Article III such that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant [its] issuance." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) (internal quotation marks omitted). Here, even though Gramercy has not yet arbitrated its withdrawal liability claims pursuant to the MPPAA – and indeed may successfully defend itself in the MPPAA arbitration – it nevertheless is currently responsible for the demanded withdrawal liability amount. *See* 29 U.S.C. § 1401(a)(3)(A) (a plan's assessment of withdrawal liability is "presumed correct"); *id.* § 1401(d) ("Payments shall be made by an employer . . . until the arbitrator issues a final

---

[1] To the extent that Gramercy's complaint includes a claim that the Union be equitably estopped from seeking withdrawal liability, that claim is meritless since only the Fund – not the Union – may seek withdrawal liability pursuant to the MPPAA. *See* 29 U.S.C. § 1381(a).

decision . . .”). Since the Fund's "Notice and Demand" made Gramercy responsible for the Fund's withdrawal liability determination unless and until an MPPAA arbitrator rules otherwise, *see* 29 U.S.C § 1401(d), and since the Union denies that it has an obligation to indemnify that liability, Gramercy's claims present a ripe case or controversy, *see Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 192 (3d Cir. 2009) (finding a claim seeking a declaratory judgment that an MPPAA employer be indemnified by a union for withdrawal liability ripe prior to MPPAA arbitration).

Gramercy argues that by signing the JSA it did not agree to arbitrate "all disputes" arising out of the Meadowlands Project, because the JSA "contains no language incorporating or otherwise requiring compliance with the arbitration provision of the CBA." Appellant's Br. at 15-16. Gramercy also argues—in the alternative—that there "is an obvious and significant factual dispute as to whether Gramercy and the Union intended to incorporate all of the terms of the CBA into the JSA." *Id.* at 16.[2]

We disagree. Gramercy, by executing the JSA, unambiguously agreed to "abide by all terms and conditions of employment" set forth in the CBA. *See* App. at 160 (Gramercy acknowledges that it "has received from the Union a copy of its current Collective Bargaining Agreement of the Associated General Contractors of the State of New Jersey and agrees to abide by all terms and conditions of employment for its employees"). One of those terms is that "any

---

[2] Gramercy waived the argument that it should not have to arbitrate its claims against the Union because the JSA is no longer in effect by failing to raise it below. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("[I]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Accordingly, we do not consider whether Gramercy's agreement to arbitrate disputes regarding the Meadowlands Project expired upon conclusion of the Meadowlands Project pursuant to the JSA's provision that the agreement shall remain in full force only "until such time as [the Meadowlands Project] . . . is completed." App. at 160.

dispute" between Gramercy and the Union shall, if it cannot be resolved between the parties, "be submitted to an impartial Arbitrator selected pursuant to the rules and regulation of the New Jersey State Board of Mediation." *Id.* at 122. And even if Gramercy were correct that the JSA is ambiguous as to whether it incorporates the CBA's arbitration clause—because the JSA includes specific reference to the CBA's terms relating to wage rates and benefit contributions but does not mention the CBA's terms relating to arbitration—the extrinsic evidence Gramercy would have the court consider bears only on Gramercy's intent to avoid withdrawal liability. *See* App. at 161-62 (asserting that Gramercy intended to be bound by a CBA only to the extent that it agreed to make contributions in connection with its work at the Meadowlands project). Gramercy does not claim that the parties intended to avoid the arbitration clause. Accordingly, we conclude that Gramercy is required to pursue its claims against the Union before an arbitrator.

## III. Conclusion

For the reasons set forth above, we **AFFIRM** the district court's judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6